# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**HARRY G. COLE**                                                                                                    **PETITIONER**

**v.**                                                                                                                                   **No. 3:05CV120-B-A**

**STATE OF MISSISSIPPI, ET AL.**                                                                        **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the September 26, 2005, *pro se* petition by Harry G. Cole for a writ of *habeas corpus* under 28 U.S.C. § 2254. For the reasons set forth below, the instant petition shall be dismissed with prejudice for failure to state a claim upon which relief could be granted.

## Facts and Procedural Posture

The petitioner was convicted in the Circuit Court of Pontotoc County, Mississippi, for possession of marijuana with the intent to distribute. The trial court sentenced the petitioner to seven years in the custody of the Mississippi Department of Corrections and placed the petitioner in the house arrest program. The petitioner cut the monitor from his leg and fled the state December 1, 1997 – thus violating the terms of house arrest. Federal authorities arrested the petitioner and charged him with a felony – and discovered that the petitioner had violated house arrest in Mississippi. The federal authorities notified the State of Mississippi of the petitioner's arrest, and the state placed a detainer with the federal authorities. The petitioner was convicted of federal crimes, and the federal court sentenced the petitioner to a term of 90 months in the custody of the Federal Bureau of Prisons. The petitioner completed his federal sentence June 15, 2004, and the petitioner was transported back to Mississippi to serve his sentence with the Mississippi Department of Corrections. The petitioner waived extradition when he signed the

terms of the house arrest agreement.

## Grounds for Relief

The petitioner argues that he should have been transported back to Mississippi to finish his state sentence prior to serving his federal sentence – and that the state's failure to do so resulted in the expiration of his state sentence during his federal confinement. This argument is without merit. The petitioner had the opportunity to serve his state sentence first during his house arrest. He chose instead to cut off his monitoring device and abscond from the state. Once the petitioner fled Mississippi and was convicted of a federal crime, the two sovereigns were free to have the petitioner serve his sentences in any manner permitted under the law. The petitioner has not directed the court's attention to any authority requiring the Mississippi Department of Corrections to count the petitioner's federal time toward his state sentence, and the court knows of none. As such, the instant petition for a writ of *habeas corpus* shall be **DISMISSED** with prejudice for failure to state a claim upon which relief could be granted.

A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 19th day of October, 2005.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE